OPINION
Defendant Timothy Stuchell appeals a judgment of the Municipal Court of Alliance, Stark County, Ohio, which convicted him for receiving stolen property in violation of R.C. 2913.51. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. 1
 THE APPELLANT WAS DENIED A FAIR TRIAL, DUE PROCESS OF LAW, AND THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO ADMIT INTO EVIDENCE THE NOTARIZED HANDWRITTEN STATEMENT OF AN UNAVAILABLE DECLARANT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND EVID. R. 804(B).
 ASSIGNMENT OF ERROR NO. 2
 THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED [SIC] STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.
 ASSIGNMENT OF ERROR NO. 3
 THE APPELLANT WAS DENIED A FAIR TRIAL, DUE PROCESS OF LAW AND HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO USE REASONABLE EFFORTS TO SECURE THE ATTENDANCE OF A MATERIAL WITNESS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
On October 29, 1996, appellant and his friend Lee Stillion were out "scrapping", that is looking for discarded junk, metal, or objects they could re-sell. They drove appellant's wife's orange and white pickup truck. Appellant and Stillion noticed an old refrigerator sitting by the back door of 964 Madison, Alliance, Stark County, Ohio. Appellant went to the home and knocked on the door, but when no one answered, he went to speak to the next door neighbor. Appellant introduced himself and inquired about the owner of the refrigerator. Appellant and the next door neighbor chatted for nearly an hour, whereupon appellant went back to 964 Madison, and left his name and telephone number in the door of the home, indicating appellant was willing to haul away the refrigerator. Appellant and Stillion continued to scrap, and then Stillion dropped appellant off at his home, and left driving appellant's wife's truck.
Approximately an hour later Lee Stillion returned to appellant's home, and with him he had a piece of equipment used in the aluminum siding business known as an aluminum brake or bender. Stillion asked appellant if he knew where to get rid of such a piece of equipment, and the two repaired the brake. Appellant contacted the wife of Russ Pittman, a carpenter appellant knew. Appellant and Stillion took the brake to Mr. Pittman's work site, and sold it to Pittman for $300.00. Pittman tendered a check to appellant for $150.00, and Pittman testified he agreed to pay an additional $150.00 when appellant produced a receipt or other proof of ownership.
Fredrick Peck, the resident of 964 Madison Avenue, testified the brake belonged to his brother, but was on the Madison Avenue premises when Peck left to go work on the morning of October 29, 1996. The brake was missing when Peck returned home from work. Peck spoke with his next door neighbor, who gave him appellant's name and description. Peck went to appellant's home to demand the brake be returned. Appellant alleged Peck threatened appellant. Appellant and Stillion contacted Pittman and returned $50.00 of the $150.00 Pittman had paid for the brake. Peck's brother retrieved the brake from the construction site. Appellant testified Stillion told him Stillion had found the brake along side the road.
 I
At trial, appellant offered a notarized statement of Lee Stillion, but the court refused to admit it, finding it did not comply with Evid.R. 804.
Evid.R. 804(B) provides for various exceptions to the hearsay exclusion rule if the declarant is unavailable as a witness. Appellant argues the statement of Mr. Stillion was a statement against interest, such that the statement is reliable. Evid.R. 804(B)(3) defines a statement against interest as being ". . . at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement . . ."
Appellant moved the court to declare Stillion a material witness, and advised the court the defense could not locate him and had no valid address at which to serve him. Appellant testified he went out to look for Mr. Stillion, and two days prior to trial appellant ran into Stillion at a store. Stillion told appellant he was not going to come to court.
Appellant alleges Stillion's statement is a statement against interest because it subjects him to potential criminal liability. Appellant argues the statement is an admission that in finding and selling the brake to Pitman, Stillion received, retained or disposed of stolen property. We do not read the affidavit to say that. Stillion alleges he found the brake, which is not an admission he knew or should have known the property was stolen. We find the trial court did not err in refusing to admit the statement pursuant to Evid.R. 804.
The first assignment of error is overruled.
 II
Next, appellant argues the verdict is against the manifest weight and the sufficiency of the evidence. In State v. Thompkins
(1997), 78 Ohio St.3d 380, the Ohio Supreme Court recently explored the similarities and distinctions between the two. The Supreme Court noted the legal concepts of sufficiency of the evidence and the weight of the evidence are both qualitatively and quantitatively different. Sufficiency of the evidence refers to the legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law, Thompkins at 386, citations deleted. Even if a judgment is sustained by sufficient evidence, the judgment may be against the weight of the evidence, because weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue,Thompkins at 387, citations deleted.
Appellant argues there was insufficient evidence offered regarding whether he knew or should have known the property was obtained by theft. Appellant argues his behavior both at the scene and after, indicates a lack of guilt. Appellant also questions whether the brake he sold Pittman was actually the one belonging to Peck's brother.
We have reviewed the record, and we conclude the jury's verdict is supported by the sufficiency and the manifest weight of the evidence.
The second assignment of error is overruled.
 III
Finally, appellant argues he was deprived of the effective assistance of counsel as guaranteed by the United States and Ohio Constitutions because his counsel failed to secure Mr. Stillion's attendance at trial.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court set forth a two-pronged test for reviewing courts to apply to determine if a defendant received the effective assistance of counsel. First, the accused must show his counsel's performance fell below an objective standard of reasonable representation. In addition, the accused must show counsel's defective performance resulted in actual prejudice to the accused. This means that but for counsel's errors, the result of the proceedings would have been different. The Ohio Supreme Court has adopted the Strickland test, see State v. Bradley (1989),42 Ohio St.3d 136.
Appellant argues defense counsel should have attempted to locate and serve Stillion with a subpoena, or insure a warrant for Stillion's arrest had been issued, or at the very least, to request a continuance from the court in order to secure Stillion's presence at trial.
Appellant argues the evidence which Stillion submitted in an affidavit was never presented to the jury. If Stillion had been present, he would have presumably testified he found the brake in question, and sold it to Pitman.
As noted in I, supra, this evidence is not necessarily inculpatory to Stillion or exculpatory to appellant. This court cannot find on this record that even if the jury had heard Stillion's testimony, the result of the trial would have been different.
We find appellant was not deprived of the effective assistance of counsel. Accordingly, the third assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Alliance, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Hoffman, J., concur
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Alliance, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution. Costs to appellant.